IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
FEB 14 2013
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

ROBERT E. COTNER, )
)
        Petitioner, )
)
v. ) Case No. CIV 12-270-RAW-KEW
)
TRACY McCOLLUM, Warden, )
)
        Respondent. )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Reformatory in Granite, Oklahoma, attacks the execution his life sentences. He specifically sets forth his claims as follows:

> Respondent's acts IN THIS CASE, amounts to a NEW ADMINISTRATIVE sentence REJECTED by the trial Judge AND REJECTED by the trial Jury, IT amounts to a NEW ADMINISTRATIVE defacto DEATH sentence, by incarceration, WITHOUT access to Courts FOR Habeas Corpus.
>
> THIS Habeas <u>ASK TO ENFORCE</u> the trial Judge and Jury's verdict in this case, and direct respondents to ENFORCE 3rd page of Judgment and Sentencing Document MANDATING release from prison BEFORE petitioner is too old to return to work, and comply with that section, <u>AND TO</u> enforce ALL laws, rules, regulations, policies and practices THAT WERE a part of petitioner's original sentence, <u>AT</u> TIME OF SENTENCING, <u>or</u> Grant Habeas Corpus relief. . . .
>
> The UNDISPUTED fact is that petitioner's 3rd page of his Judgment and Sentencing document, CLEARLY mandates RELEASE from prison, (NOT custody of respondents) AFTER serving 7 years, UNDER THE EXPECTED Truth in Sentencing law EXPECTED TO BE PASSED at the time, AS advised to the Jury, stated in trial records, AND SET OUT on the 3rd page, <u>AND</u> respondents have any number of ways that AT TIME of petitioner's sentence, UNDER policies, practices, and statutes IN EFFECT at that time, MADE A PART of petitioner's sentence, COULD have (and should have) resulted in that "early" release, BUT have since 1992, <u>ex</u>-post facto CHANGED, taking away those rights conferred at time of sentencing,

THEREBY making the sentence MORE ONEROUS, and requiring Habeas relief.

(Docket No. 1 at 1-2). Petitioner also complains about the calculation of his Class X misconduct security points, which were imposed in 1997, and claims the points must be removed. (Docket No. 1 at 3).

The respondent alleges venue for this action is improper, because petitioner currently is housed in Granite, Oklahoma, which is in the territorial jurisdiction of the Western District of Oklahoma. A § 2241 petition challenges the execution of a sentence and is properly filed in the district where the petitioner is confined. *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). A review of the record shows that petitioner was incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, when he filed this petition on June 19, 2012. (Docket No. 1 at 6). That facility is located in Atoka County, which is within this court's jurisdiction. Therefore, venue is proper.

The respondent also asserts the petition is successive, and pursuant to 28 U.S.C. § 2244(b)(3), petitioner must be granted prior authorization from the appropriate court of appeals to proceed. The Tenth Circuit Court of Appeals, however, has stated that "the requirement for prior circuit authorization contained in § 2244(b)(3) does not apply to habeas petitions brought under § 2241." *Stanko v. Davis*, 617 F.3d 1262, 1269 n.5 (10th Cir. 2010) (citations omitted), *cert. dismissed*, ___ U.S. ___, 131 S.Ct. 973 (2011).

The respondent next alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The AEDPA imposes a one-year limitation period for filing a habeas petition, commencing when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The one-year limitation period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

To the extent petitioner again is claiming the provisions of the Truth in Sentencing

Act apply to him, this court has addressed the issue in one of petitioner's prior habeas corpus actions:

> ... [T]he Oklahoma Truth in Sentencing Act was repealed in 1999 and did not affect the length of petitioner's life sentences. The record shows that on May 28, 2004, the Governor of Oklahoma paroled petitioner on his life sentence for Count 1 of Case No. CRF-91-194. Petitioner then began serving his life sentence for Count 2 in the same case. On October 13, 2004, the Governor commuted the life sentence in Count 2 to time served. Petitioner then began to serve his life sentence in Count 3. He still has his life sentence in Count 4 and 20 years in Count 5 left to serve.
>
> The Oklahoma Truth in Sentencing Act initially was scheduled to become effective on July 1, 1998. *See* 1997 Okla. Sess. Laws, 1st Reg. Sess., ch. 133 § 612 (eff. July 1, 1998). The law, however, subsequently was amended to take effect on July 1, 1999. *See* 1998 Okla. Sess. Laws, 1st Ex. Sess., ch. 2 § 23 (eff. July 1, 1999). One day before the statute was to take effect, the state legislature repealed it, effective on July 1, 1999. *See* 1999 Okla. Sess. Laws, 1st Ex.Sess., ch. 5 § 452 (eff. July 1, 1999). Based on this legislative history, the Tenth Circuit Court of Appeals has held the Act never went into effect, and it did not create any federal constitutional claims for those seeking habeas relief. *See Collins v. Workman*, No. 04-6343, 125 Fed. Appx. 246, 248, 2005 WL 535358, **1 (10th Cir. 2005) (unpublished opinion) (citing *Teague v. Hines*, No. 00-6241, 2000 WL 1629445, *1-2 (10th Cir. 2000) (unpublished opinion); *Turner v. Champion*, No. 98-6480, 1999 WL 1032972, *1 (10th Cir. 1999) (unpublished opinion)).
>
> Petitioner's crimes were committed in 1991, and he was sentenced in 1992. Even if the Act had taken effect on July 1, 1999, the sentencing matrices of the Act were for prospective application only and would not have applied to petitioner. *See Collins*, 125 Fed. Appx. at 248. Therefore, he is not entitled to habeas corpus relief on this claim.

*Cotner v. Beck*, CIV 04-029-RAW-KEW, slip op. at 2-3 (E.D. Okla. Sept. 25, 2006). Petitioner's claim regarding his 1997 security points for a Class X offense also was previously considered and dismissed as untimely in the earlier case. *Id.*, slip op. at 3.

The record shows that petitioner's Judgment and Sentence was entered on April 27, 1992. Even if the Truth in Sentencing Act were applicable, his claim would have accrued in 1999. He, therefore, is outside the deadline for filing. His claim about entitlement to release from his life sentences after seven years of incarceration also is untimely, as is his claim regarding security points for a 1997 misconduct.

ACCORDINGLY, the respondent's motion to dismiss petitioner's time barred petition [Docket #20] is GRANTED, all remaining pending motions are DENIED, and this action is, in all respects, DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 14th day of February 2012.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**